# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CHRIS THORPE**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**AMCO INSURANCE AGENCIES, INC.,**<br>a Texas corporation,<br><br>*Defendant*. | CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>CASE NO: |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Chris Thorpe ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Amco Insurance Agencies, Inc. ("Defendant" or "Amco") to stop its practice of sending unwanted autodialed text messages to cellular telephones without consent, and to obtain redress, including injunctive relief, for all persons injured by its conduct. Plaintiff Thorpe, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant is an insurance agency that provides consumers with various choices of insurance plans and provides guidance to consumers on which insurance option to choose.[1]

2. In order to solicit business for its insurance brokerage services, Defendant engages in text message marketing.

---

[1] http://www.amco.tv/home.html

3. Unsolicited telemarketing is a common practice among companies trying to increase their customer base.

4. Text message marketing has become more common in recent years as cell phone use increases.

5. Unfortunately for consumers, Defendant sends text messages to consumers who have not signed up for Defendant's services.

6. That is, in an attempt to solicit a response from consumers who have not signed up for Defendant's services, and to ultimately increase Defendant's revenue by encouraging consumers to purchase its services, Defendant conducted (and continues to conduct) a wide-scale solicitation campaign that features the sending of unsolicited text messages to consumers' cellular telephones—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

7. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).[2]

8. Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to send text messages to consumers' cellular telephone numbers.

---

[2] Text messages, like the ones sent in the instant action, are considered "calls" under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

## COMMON ALLEGATIONS

9. Defendant sends text messages to consumers' cellular telephones in an attempt to solicit business and promote its insurance brokerage services.

10. Defendant sends solicitation text messages using shortcode 55497.

11. In sending these solicitation text messages, Defendant took no steps to acquire the consent of the Plaintiff or of the other Class Members who were sent the unsolicited text messages.

12. Defendant sent, or had sent on its behalf, the same (or substantially the same) solicitation text message calls *en masse* to cellular telephone numbers throughout the United States. To the extent the text messages were sent on Defendant's behalf, Defendant authorized use of its trade name, website, and corporate telephone number in the text messages; and otherwise controlled the content of the messages; Defendant also knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

13. In sending the unsolicited text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer"). Specifically, the hardware and software used by Defendant or its agent has the capacity to store or produce telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding the text messages, including their commercial content, their impersonal content, that the identical texts were sent to multiple recipients, and that they were sent from a short-code, a type of telephone number regularly used to send autodialed text messages.

14. Defendant knowingly sent (and continues to send) unsolicited text messages to cellular telephones without the consent of the recipients.

15. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

16. Accordingly, by sending the unsolicited text messages at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the sending and receipt of such text messages, a loss of value realized for the monies consumers paid to their carriers for the receipt of such text messages, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

17. In response to Defendant's unlawful conduct; Plaintiff files this action seeking an injunction requiring Defendant to cease all unwanted solicitation text messaging activities and an award of statutory damages to the members of the Class under the TCPA, together with costs.

## PARTIES

18. Plaintiff Thorpe is a resident of Stafford, Texas.

19. Defendant Amco is Texas a corporation headquartered at 7204 Southwest Freeway, Houston, TX 77074. Defendant conducts business throughout this District, the State of Texas, and the United States.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute for which there is federal question jurisdiction.

21.     This Court has personal jurisdiction over Defendant because Defendant is a Texas corporation headquartered in this District, and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

22.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business in this District and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because both Defendant and Plaintiff reside in this District.

### FACTS SPECIFIC TO PLAINTIFF CHRIS THORPE

23.     On March 17, 2018 at 2:56 PM Thorpe received a text message on his cellular telephone from shortcode 55497 stating, "Amco Insurance! Has Cheap Auto, Home and Renters Insurance Rates! 713-766-1212 www.amco.net"

24.     A screenshot of the text messages received by Thorpe is reproduced below:



25.     Amco Insurance is Defendant's trade name.  Telephone number 713-766-1212 is Defendant's corporate telephone number.  The website www.amco.net is Defendant's website.

26.     Thorpe does not have a relationship with Amco, has never provided his telephone number directly to Amco, and has never consented to Amco sending text messages to him or alerting him of its services.

27.     Simply put, Thorpe has never provided his prior express written consent to Amco to send text messages to him and has no business relationship with Amco.

6

28. By sending unauthorized text messages as alleged herein, Amco has caused consumers actual harm in the form of lost time, annoyance, nuisance, and invasion of privacy. In addition, the text messages disturbed Thorpe's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Thorpe's phone. In the present case, a consumer could be subjected to many unsolicited text messages, as Amco fails to obtain a consumers' prior express written consent before sending them solicitation text messages.

29. Seeking redress for these these injuries, Thorpe, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited text calls to cellular telephones.

30. On behalf of the proposed Class, Thorpe seeks an injunction requiring Amco to cease all unwanted solicitation text messaging activities and an award of statutory damages to the Class members, together with costs.

## CLASS ALLEGATIONS

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from a date four years prior to the filing of the initial complaint to the present: (1) Defendant (or a third person acting on behalf of Defendant) sent text messages, (2) to the person's cellular telephone number, (3) for the purpose of selling Defendant's products and/or services, (4) using an automated telephone dialing system., and (5) from whom Defendant (a) does not allege to have consent, or (b) alleges to have obtained consent in the same manner it alleges to have obtained consent from Plaintiff.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

33. On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

34. There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class that may be answered in a single stroke include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class;

   (c) whether members of the Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct;

   (d) whether Defendant obtained prior express written consent to contact any Class members; and

   (e) to the extent Defendant's conduct does not constitute telemarketing, whether Defendant otherwise obtained consent to contact any class members.

35. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class, including the loss of time, annoyance and aggravation associated with such messages as well as the loss of data and temporary inability to enjoy and use their cellphones, as a result of the transmission of the solicitation text messages alleged herein. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of transmitting solicitation text messages.

36. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiff, like all members of the Class, received unwanted solicitation text messages from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Class.

37. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

38. The suit may be maintained as a class action under the Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief.  As the messages

continue to be sent in spite of Defendant's failure to get the consumers' consent, injunctive relief is necessary and appropriate to require Defendant to discontinue sending unauthorized solicitation text messages. Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless solicitation text messages at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class.

39. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all customers throughout the United States who received an unsolicited solicitation text message from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

40. Adequate notice can be given to the members of the Class directly using information maintained in Defendant's records or by publication.

### CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them by reference herein.

42. Defendant and/or its agents agent transmitted unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

43. These solicitation text messages were made *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class.

44. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, under 47 U.S.C. § 227(b)(3)(B), Plaintiff and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500.00 in damages for each violation.

45. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thorpe, individually and on behalf of the Class, prays for the following relief:

46. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff Thorpe as the representative of the Class and his attorneys as Class Counsel;

47. An award of actual and statutory damages;

48. An order declaring that Defendant's actions, as set out above, violate the TCPA.

49. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

50. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

51. An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

52. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment; and

53. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**CHRIS THORPE**, individually and on behalf of Class of similarly situated individuals

Dated: May 1, 2018                By: __/s/_Jason Johnson_____
                                        One of Plaintiff's Attorneys

Jason Johnson (Federal Bar No. 2561082, TX Bar No. 24065502)
Terrel Law Group

12

        Jjohnson@terrellawgroup.com
        8303 Southwest Freeway #450
        Houston, TX 77074
        Telephone: 346-718-8286

        Stefan Coleman (FL Bar No. 0030188)
        law@stefancoleman.com
        Law Offices of Stefan Coleman, P.A.
        201 S. Biscayne Blvd., 23rd floor
        Miami, FL 33131
        Telephone: (877) 333-9427
        Facsimile: (888) 498-8946

        Avi R. Kaufman (FL Bar No. 48382)
        kaufman@kaufmanpa.com
        Kaufman P.A.
        400 NW 26th Street
        Miami, FL 33127
        Telephone: (305) 469-5881

        *Attorneys for Plaintiff and the putative Class*